[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs' application for a temporary injunction, brought on by Order to Show Cause, was heard by the court on March 4, 6 and 8, 2002, during which period all parties were present, and able to testify and present exhibits. The court finds the following facts. CT Page 3042
The plaintiffs Kirschner and Hoffman formed a partnership with Hamel to invest in, develop and operate a laundry and dry cleaning business in Norwalk, Connecticut: Kirschner and Hoffman contributed capital, operating expenses and equipment. Hamel was in charge of day-to-day operations. In October 2000 Hamel filed Articles of Organization for Norwalk Dry Cleaner LLC (NDC). According to the partnership agreement, Kirschner and Hoffman were to own half of NDC; however, their names do not appear on the Articles of Organization.
In March 2001, Hamel signed a UCC-1 filing acknowledging a lien in the amount of $40,000 in favor of the defendant Giordano on assets of NDC. A substantial portion of the alleged debt of NDC was in fact a debt owed by Hamel individually to Giordano and not a debt owed by NDC. Kirschner and Hoffman were not aware of this lien until about November 2001. In January Hamel, purportedly a manager of NDC, executed an assignment of NDC's lease at 324 Connecticut Avenue in Norwalk and surrendered possession to Giordano allegedly as consideration for the latter's advances "exceeding $90,000" to NDC. There is no assignment of any other NDC assets. Giordano knew of Kirschner's and Hoffman's involvement, and the court specifically finds he knew that they would object to this assignment. The amount owed by NDC to Giordano was substantially less than $90,000. Kirschner and Hoffman were not immediately advised of the assignment.
In February 2002 Giordano, now apparently in charge of all operations at NDC, has allowed one Michael Asterino to occupy the NDC premises on Connecticut Avenue and operate a dry cleaning business there.
The court finds that based on the evidence presented (1) there is a probability that Kirschner's and Hoffman's rights have been wrongfully abridged by the defendants and (2) the plaintiffs will have no adequate remedy at law without court intervention because Hamel certainly, and Giordano possibly, cannot pay a money damages judgment. Furthermore, NDC's goodwill and other assets are being dissipated by the present operation of a competing dry cleaning business.
The court advised all parties on March 8 that possible court intervention could result in all parties' interests being injured and urged them to reach an accommodation more finely tuned than a court injunction could ever be, in order to preserve whatever value exists in NDC. This advice has apparently fallen on deaf ears.
The court orders the following:
1. The defendants are enjoined from selling, liening, alienating, assigning, lending or transferring, in any fashion, any interest in any CT Page 3043 asset of NDC or the Kirschner-Hoffman-Hamel partnership;
 2. the defendants are enjoined from leasing or making available in any fashion the premises at 324 Connecticut Avenue, Norwalk to anyone or any entity other than NDC;
 3. the defendant Giordano is to provide a full accounting of any revenue he has received or benefitted from for the use or occupancy of 324 Connecticut Avenue since January 1, 2002 to the plaintiffs and to the court by March 25, 2002;
 4. the plaintiffs are to post a surety bond in the amount of $60,000 by March 18, 2002.
The court further orders that the pending motion for contempt be heard on March 18, 2002 at 2:00 p.m.
ADAMS, J.